## COMPLIANCE WITH TERMS OF A STREET RAILWAY GRANT AS TO GRADE.

[Circuit Court of Clermont County.]

THE STATE OF OHIO, ON THE RELATION OF JOHN S. DAVIDSON, PROSECUTING ATTORNEY OF CLERMONT COUNTY, OHIO, v. THE CINCINNATI, MILFORD & LOVELAND TRACTION COMPANY.

Decided, May 1, 1905.

*Street Railways—Reasonableness of Grade—Discretion of Council as to—Compliance with Grant Required—Notwithstanding an Intervening Injunction—Public Interest.*

A street railway company may be compelled in a proper action to comply with the terms of its grant, notwithstanding there is an injunction in force against compliance with such terms, and the public interest does not require it.

JELKE, P. J.; SWING, J., and GIFFEN, J., concur.

This is a proceeding in quo warranto in which it is sought to oust the defendant company of its franchise to maintain and operate an electric railway upon and over the streets of the village of Milford.

Eleven distinct specifications are made in which the corporation failed to comply with the terms of its franchise, whereby, it is alleged, the same has been forfeited.

We find that the corporation has substantially complied in every particular except the ninth, to-wit: "That the defendant fails and refuses to place its track in Montauk to the grade established by the village council of Milford." While there has been some delay in performance there was reasonable grounds therefor. The reasonableness of the grade established is left by the statute as well as Ordinance No. 116 to the discretion of council with which the court will not interfere except for gross abuse. The street at this point is a part of a turnpike owned by the Cincinnati, Columbus & Wooster Turnpike Company, at whose instance an injunction was obtained and is still in

force restraining the village of Milford and the defendant company from lowering or changing the railroad track to the grade established by council. · While this excuses performance now, there was abundance of time before in which to comply with the ordinance and make the change; but the defendant contends, and perhaps rightly, that it will not only impose an unnecessary hardship upon it, but will materially interfere with other travel upon the highway. The parties however have made their own terms in Ordinance No. 116, and unless they are complied with in a reasonable time by laying the track in Montauk at the grade established by council, the prayer of the petition must be granted although the public interests seem to not require it.

· *D. W. Murphy*, for the relator.

*C. W. Baker*, for the traction company.